UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CW Professional Services, LLC
d/b/a Lochbridge,

        Plaintiff,                Case No: 16-10689
                                          Hon. Victoria A. Roberts

v.

VBConversions, LLC,

        Defendant.
_____/

**ORDER GRANTING MOTION TO TRANSFER ACTION TO THE
CENTRAL DISTRICT OF CALIFORNIA (ECF NO. 4)**

**I.    Introduction**

Defendant VBConversions, LLC seeks transfer to the Central District of California where it filed its own suit arising from the same facts. Plaintiff CW Professional Services, LLC, d/b/a Lochbridge ("Lochbridge") opposes the Motion.

Lochbridge is in the business of IT professional, development, customization and staffing services. VBConversions owns copyrighted software and licenses it to others. The software converts software code into programming language. Satya Gutulla worked for Lochbridge as a Systems Designer Developer. Gutulla downloaded a free trial version of the software. As part of the installation process, he was required to click through and accept the Software's End User License Agreement ("Agreement" or "EULA"). Gutulla eventually downloaded the full version of VBConversions' software. He then converted code using this full version, which Lochbridge says he did without its

1

consent. The parties dispute whether Gutulla acted within the scope of his employment when he converted code on various dates.

On August 17, 2015, Lochbridge received a cease and desist letter from VBConversions. Over the next months, the parties corresponded and discussed settlement without reaching agreement. On February 25, 2016, Lochbridge filed a Complaint in this Court alleging three counts for declaratory judgment and one count under Michigan law.

VBConversions says transfer is appropriate because this dispute arises from breach of the Agreement which contains a forum selection clause requiring that any dispute be resolved in California courts. VBConversions also seeks transfer because it says Lochbridge filed this declaratory judgment action as an anticipatory suit for purposes of forum shopping.

Lochbridge says: (1) it is not bound by the Agreement; and (2) this case was filed first, and under the first-to-file rule, it should proceed unless an exception applies.

The Court finds this case is an anticipatory declaratory judgment action and declines to enforce the first-to-file rule. The Motion is **GRANTED**. This action is transferred to the United States District Court for the Central District of California.

II. Discussion

A. Forum Selection Clause

The Agreement's forum selection clause provides:

In any dispute arising out of or relating to this EULA or otherwise arising out of or relating to Your use of the Software Product, it is agreed and acknowledged that the sole and exclusive venue for resolution of such disputes shall be the Superior Court for the County of Los Angeles or the United States District Court for the Central District of California. This EULA shall be deemed to have been executed

> within the State of California, in the United States of America. It Shall be construed and enforced in accordance with and governed by the laws of the State of California without regard to conflicts of laws principles thereof. The parties hereto expressly agree to be subject to the personal jurisdiction of the above mentioned courts. The application of UCITA and United Nations Convention on Contracts for the International Sale of Goods is expressly excluded.

Software's End User License Agreement, Section 8.

Enforcement of forum selection clauses is governed by 28 U.S.C. § 1404(a):

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The clause is given "controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579 (2013). The party opposing the forum selection clause has the burden to establish transfer is unwarranted. *Id*. at 581. When parties agree to a forum selection clause, they waive the right to later challenge it on the basis that it is less convenient for them since inconveniences are foreseeable at the time of the contract. *Id*. at 582.

Lochbridge argues that Guttula did not have authority to bind Lochbridge under the Agreement. Lochbridge relies on *Offerdahl v. Silverstein*, 224 Mich. App. 417 (1997), which says courts should determine whether parties are subject to a forum selection clause before transfer is ordered.

VBConversions says Gutulla acted within the scope of his employment when he converted the code using its software. In support, VBConversions attaches a declaration by David A. Crook, the original author of the code, who says by viewing the data acquired by his servers, he noticed Guttula exceeded the amount of code he was

3

allowed to convert with the trial version.  VBConversions also says Guttula was employed by Lochbridge as a systems designer developer and therefore his downloading of VBConversions' software was consistent with his employment. VBConversions attached a copy of a contract between Lochbridge and the State of Michigan which indicates the conversion of code is part of Lochbridge's business.

The Court finds it unnecessary to engage in an extensive analysis of agency law to determine whether or not Lochbridge was bound by the Agreement.  The Agreement says:

> If you have accessed the Trial licensed version on behalf of your employer or otherwise as an agent or contractor on behalf of another individual or entity, You represent and warrant that You have the authority to bind that employer or other individual or entity to these terms and conditions and Your agreement to these terms and conditions will be treated as the agreement of that employer or other individual or entity.

Software's End User License Agreement, Section 1(a).

However, even if Lochbridge is not bound by this clause, the Court finds transfer is appropriate because Lochbridge's lawsuit is an anticipatory declaratory judgment action.

### B.   Anticipatory Declaratory Judgment Action

The first-to-file rule provides that when actions involving nearly identical parties and issues are filed in two different district courts, the first suit filed should generally proceed to judgment.  *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) (unpublished).  Factors that weigh against enforcing the first-to-file rule include "extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping."  *Zide*, 16 F. App'x at 437; *Van Andel Inst. v.*

*Thorne Research, Inc.*, No. 12-CV-731, 2012 WL 5511912, at *1 (W.D. Mich. Nov. 14, 2012).

"A plaintiff, even one who files first, does not have the right to bring a declaratory judgment action in the forum of his choosing." *Zide,* 16 F. App'x at 437 (citing *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749-50 (7th Cir. 1987)). District courts have discretion to decide whether to entertain an action under the Declaratory Judgment Act. *AmSouth Bank v. Dale*, 386 F.3d 763, 784 (6th Cir. 2004).

The Sixth Circuit adopted a five-factor test to determine when a district court should exercise jurisdiction over a declaratory judgment action. Courts should consider whether: (1) the judgment would settle the controversy; (2) the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*;" (4) the use of a declaratory action would increase the friction between the federal and state courts and improperly encroach on state jurisdiction; and (5) an alternative remedy would be better or more effective. *Id.* at 785.

Neither party discusses these factors.

### 1. Whether the Judgment will Settle the Controversy

This factor does not weigh in favor of either party. VBConversions' action filed in the Central District of California raises several claims including violation of California law that would still need to be resolved. Similarly, Lochbridge's Complaint contains a cause of action under Michigan law. This factor does not assist either party. *Catholic Health Partners v. CareLogistics, LLC*, 973 F. Supp. 2d 787, 793 (N.D. Ohio 2013).

### 2. Whether the Declaratory Judgment Action will Serve a Useful Purpose in Clarifying the Legal Relations at Issue

This second factor weighs against Lochbridge. Lochbridge has not shown that it incurred a loss while settlement discussions continued and there is no immediate identified need to clarify a party's rights. *Id.* at 794.

### 3. Whether Plaintiff is Using This Declaratory Remedy Merely to Secure the Forum of its Choice

This factor weights strongly against Lochbridge because it appears Lochbridge filed this Complaint to secure the forum of its choice. The communications of the parties is evidence that a suit by VBConversions was imminent.

On August 11, 2015, VBConversions sent a cease and desist letter to Lochbridge. The letter requested a response by August 21, 2015, otherwise it would be compelled to take "other more serious steps." ECF No. 5, at 152. VBConversions says it continued to have conversations with Lochbridge over the next few months. Copies of emails between counsel confirm this. Counsel for Lochbridge asked for a demand. In response, counsel for VBConversions hesitated from proposing a particular dollar amount but outlined some considerations, including the scope of infringement and potential statutory damages. VBConversions' counsel indicated that actual damages might greatly exceed that amount.

The parties continued discussions related to settlement. On August 31, 2015, Lochbridge counsel asked if VBConversions knew how many times its code was allegedly used. VBConversions responded later that day. Also that day, Lochbridge wrote a separate email discussing statutory damages.

On Friday, October 9, 2015, VBConversions' counsel emailed counsel for

6

Lochbridge saying it would like to resolve "this action with Lochbridge" and to contact him the following week to discuss "our respective sides of this dispute." *Id.* at 157. On October 19, 2015, Lochbridge counsel responded by email, saying that they are "still happy to find a way to resolve amicably" and offered a settlement of $5,000. *Id.* at 155-56. That email stated that VBConversions had not made an offer other than to reference the damages amount available under the Copyright Act; but if VBConversions is not interested in pursuing settlement "in the range of what [Lochbridge] have [sic] offered, then it probably is best that [VBConversions] just let [Lochbridge] know now so [Lochbridge] can prepare for litigation." *Id.* at 156. VBConversions responded by calling the settlement offer "ridiculous" and calculated a potential damages amount of $580,000 based on the scope of infringement. *Id.* at 154. VBConversions said "[w]e are very far apart. If you say there is no opportunity for resolution, the alternative you propose does exist. The decision of where we go from here is yours." *Id.* at 154-55.

On February 11, 2016, VBConversions sent a demand letter to Lochbridge. VBConversions offered a settlement amount of $139,000. Counsel for Lochbridge responded by email on February 11, 2016, noting receipt and saying he needed time to review the letter and go over it with his client. VBConversions says it asked for a status report a week later. Specifically, that email said "...we took no action and have held back litigation. Can you fill me in on the status of settlement discussions? ECF No. 4 at 81. VBConversions alleges that Lochbridge stated on February 22, 2016, that is was discussing the matter internally.

On February 25, 2016, Lochbridge filed this declaratory judgment action. On February 26, 2016, counsel for Lochbridge emailed counsel for VBConversions saying

that even though the lawsuit was filed, he hoped settlement discussions could continue. That email also said "[a]s you know, your threatened lawsuit in California involv[es] the same parties, facts, and would-be causes of action as the lawsuit we filed here..." *Id.* at 80. The email went on to discuss a possible reason why a potential lawsuit in California might be dismissed. VBConversions filed suit in the Central District of California on March 1, 2016.

The Court disagrees with Lochbridge's contention that there was no imminent threat of litigation at the time Lochbridge filed its Complaint. The parties actively engaged in settlement talks over a period of several months. When settlement talks broke down, Lochbridge filed suit. This factor weighs strongly against Lochbridge.

### 4. Whether Use of a Declaratory Action will Increase the Friction between Federal and State Courts and Improperly Encroach on State Jurisdiction

The California action is pending in federal court. This factor is not relevant and does not weigh in favor of either party.

### 5. Whether There is a Better or More Effective Alternative Remedy

Neither party discusses alternatives such as arbitration.

### III. Conclusion

On balance, the factors weigh in favor of transfer. This suit is an anticipatory declaratory judgment action and the Court declines to enforce the first-to-file rule. VBConversions is the natural plaintiff and the case should proceed in the Central District of California.

VBConversions' Motion to Transfer the Action to the Central District of California

is **GRANTED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 7, 2016

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 7, 2016.
>
> s/Linda Vertriest
> Deputy Clerk